[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is a malpractice action which has been brought in two counts against the University of Connecticut Health Center ("the Health Center"). The first count alleges that the plaintiff's daughter, Molly Hyland, was born at the Health Center in January, 1989. It further alleges that Molly would have been a healthy and normal child but for the negligence of the attending physician at Molly's delivery. As a consequence of that negligence, Molly suffered severe perinatal asphyxia with resulting injuries which were massive. Due to these injuries, Molly died at approximately two years of age.
In count two of the complaint Molly's mother, Louise Hyland, alleges a claim for negligent infliction of emotional distress which she experienced due to the negligence at Molly's delivery including her awareness of a possible threat to her own well-being and Molly's well-being, her observation of Molly's CT Page 7458 condition, her awareness of Molly's prognosis of permanent and total disability, her fears for her own well-being and that of her unborn child upon learning she was pregnant again and her distress upon Molly's death.
The state has filed a Motion to Strike those portions of count two which allege emotional distress suffered as the result of her awareness of Molly's condition and all emotional distress suffered after the actual delivery of Molly. The basis of the Motion to Strike is that Louise Hyland was a "bystander" with respect to the negligence of the defendant towards Molly. The Connecticut Supreme Court has held that a bystander to medical malpractice perpetrated on another may not recover for emotional distress. Maloney v. Conroy, 208 Conn. 392-393,545 A.2d 1059 (1988). In Maloney the plaintiff sought to recover for the emotional distress she experienced as a result of witnessing the suffering and death of her mother which were allegedly caused by the defendant's malpractice, the court expressed general concern that recognition of a cause of action for emotional distress not accompanied by physical trauma might "inundate judicial resources with a flood of trivial claims." It also pointed to the inherent problems of causation in distinguishing the plaintiff's natural grief over the death of her mother, which may have occurred absent any malpractice, from the effects on her feelings caused by the alleged malpractice. The court also reasoned that recognition of the plaintiff's cause of action would have a negative impact on the community which would "outweigh the benefit a few hypersensitive individuals would be likely to derive from permitting such an action to proceed." 208 Conn. at 403. A portion of the negative impact would arise from the restrictions hospitals and physicians would be forced to impose on friends and family of patients in order to minimize potential claims against them for emotional distress.
The plaintiff asserts that the public policy concerns identified in Maloney are not present here because the mother and the infant are the only possible plaintiffs in an action for emotional distress caused by malpractice in the delivery of an infant. The foregoing assertion has merit. However, the public policy limitations discussed in Maloney are only relevant here if Louise Hyland's claim is characterized as one of a bystander.
The plaintiff argues that Louise Hyland was not a bystander at the birth of Molly because the defendant's alleged malpractice breached a duty owed to her by virtue of the physician-patient relationship. This distinction has been recognized many times by this court. See, e.g., Staar v. Merdinolu, 5 CSCR 1090 (Cioffi, J., 1990); Michaud v. Johnson,4 CSCR 720 (Schaller, J., 1989); Santilli v. Kharmg, 2 CSCR 446
CT Page 7459 (Healy, J., 1987); Martinez v. Bridgeport Hospital, 1 CSCR 568
(Spear, J., 1986); Britton v. Borelli, 7 Conn. Law Trib. No. 25, p. 11 (Super.Ct. June 5, 1981, Moraghan, J.).
In the foregoing cases the courts have reasoned: "to infer that a mother is a bystander at the birth of her infant manifests a basic misunderstanding of the duty owed a patient by a physician. In such circumstance . . . there are two within the zone of danger and the doctor owes a duty to each . . . ." Britton v. Borrelli, supra at p. 13 (quoting Howard v. Lecher,42 N.Y.2d 109, 116, Cooke, J. dissenting). "There is a duty of proper obstetrical care owed to a mother during childbirth, and for breach of that direct duty there may be recovery by the mother for emotional distress." Santilli v. Kharma, 2 CSCR 446.
The plaintiff, Louise Hyland, was not a bystander with respect to the malpractice alleged in the complaint. Therefore, she must plead and prove (1) that the defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress and (2) that the distress, if caused, might result in illness or bodily harm. Montinieri v. Southern New England Telephone Company, 175 Conn. 337, 345, 398 A.2d 1180
(1978). The second count states a cause of action under Montinieri. Therefore, the plaintiff is entitled to recover for all damages caused by the tortfeasor's wrongful conduct. Johnson v. Flammia, 169 Conn. 491, 499, 363 A.2d 1048 (1975); United Aircraft Corp. v. International Association of Machinists, 161 Conn. 79, 103, 295 A.2d 330 (1971). The allegations of the second count which the defendant seeks to strike pertain to various aspects of Louise Hyland's damages caused by the defendant's breach of duty to her.
For the foregoing reasons, the Motion to Strike is denied.
BY THE COURT, AURIGEMMA, J.